IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. GELBER,<br><br>    Plaintiff,<br><br>v.<br><br>THE LEONARD WOOD MEMORIAL FOR THE ERADICATION OF LEPROSY AND THE AMERICAN LEPROSY FOUNDATION, and AMERICAN LEPROSY MISSIONS, INC.,<br><br>    Defendants. | No. C 07-01785 JSW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE** |

Now before the Court is the motion filed by The Leonard Wood Memorial for the Eradication of Leprosy and the American Leprosy Foundation ("LWM") and The American Leprosy Missions, Inc. ("ALM") (collectively "Defendants") to transfer venue to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' motion to transfer venue. The Court finds this matter suitable for disposition without oral argument and VACATES the hearing set for June 22, 2007. *See* N.D. Civil L.R. 7-1(b).

**BACKGROUND**

On March 29, 2007, Plaintiff Robert H. Gelber filed a complaint in this Court against Defendants for retaliation, age discrimination, religious discrimination, wrongful discharge in violation of public policy, and breach of contract. (Compl., ¶¶ 26-37.) Gelber seeks injunctive relief, damages, attorneys' fees, and costs. (*Id.* ¶¶ 38-39.)

1    Defendants filed a counterclaim on April 30, 2007, seeking damages for Gelber's
2 alleged breach of contract, breach of duty of loyalty, conversion of Defendants' property, and
3 breach of the covenant of good faith. (Defendants' Answer and Counterclaim, ¶¶ 50-66.) Now
4 before the Court is Defendants' motion to transfer venue to the District of South Carolina
5 pursuant to 28 U.S.C. § 1404(a).
6    This suit arises from the termination of Gelber's employment by Defendants as of
7 December 3, 2006. (Declaration of Robert H. Gelber ("Gelber Decl."), ¶ 6.) Gelber was a
8 resident of Marin County, California throughout his employment and continues to reside there.
9 (*Id.* ¶ 2.) Defendants are nonprofit organizations incorporated in the State of New York and
10 have their principal places of business in Greenville, South Carolina. (Declaration of
11 Christopher J. Doyle ("Doyle Decl."), ¶ 6.) LWM, a wholly owned subsidiary of ALM, is an
12 international charitable organization focused on research and clinical work aimed at the
13 eradication of leprosy and tuberculosis. (*Id.* ¶¶ 3-4.)
14    Gelber served as the Scientific Director for LWM beginning in 2003. (Compl., ¶ 10.)
15 His employment was governed, in part, by an employment agreement signed in Greenville,
16 South Carolina on May 6, 2006 (the "Agreement"). (*Id.* ¶ 8.) The Agreement contained a
17 choice-of-law provision specifying that its terms shall be governed by the laws of the State of
18 South Carolina. (Gelber Decl. Ex. 1, ¶ 14.)
19    Gelber was a part-time employee who worked from his home in Marin County,
20 conducted research in Cebu, Philippines, and traveled domestically and internationally in his
21 capacity as Scientific Director. (Gelber Decl., ¶¶ 6-11.) Gelber also used administrative
22 support from LWM staff located in South Carolina, Maryland and Cebu while he worked from
23 home or in Cebu. (*Id.* ¶¶ 12-13.) In early 2006, LWM's administrative staff was relocated from
24 Maryland to Greenville, South Carolina. (Doyle Decl., ¶ 19.) On September 1, 2006,
25 Christopher J. Doyle, CEO of LWM, notified Gelber that his employment would be terminated
26 pursuant to the Agreement. (*Id.* ¶ 21.) The Court will address additional specific facts as
27 required in the analysis.
28

**ANALYSIS**

Defendants seek to transfer this action to the District of South Carolina. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving party, Defendants bear the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute that Gelber could have sued LWM and ALM in the District of South Carolina. Therefore, Defendants have met their burden under the first prong.

To determine whether Defendants have met their burden on the second prong, the Court considers the following factors: Plaintiff's choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**1.    Plaintiff's Choice of Forum.**

Typically, a court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. In addition, claims arising under Title VII of the Civil Rights Act of 1964 afford greater deference to the plaintiff's choice of forum. *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005) ("Where venue is governed

3

by a more permissive standard, a plaintiff's choice is entitled to greater deference as a matter of law.")  Actions arising under Title VII are subject to a special venue provision.  42 U.S.C. § 2000e-5(f)(3).  Title VII actions may be brought (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practices are maintained and administered, (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, or (4) in the judicial district in which respondent has his principal office, if the respondent is not found in any of the previously listed districts.  *Id.*

On the other hand, a plaintiff's choice of forum is afforded less deference when the facts giving rise to the action have little connection to the forum of original selection.  *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.") (footnote omitted).

In the instant case, Gelber resides in Marin County, California and conducted a significant portion of his work from his home.  (Gelber Decl., ¶¶ 2, 7-9.)  Moreover, Gelber sues under Title VII, which increases the deference this Court gives to his choice of forum.  (Compl. ¶ 31.)  Contrary to Defendants' contention, these provisions are not simply factors that should be weighed in deciding whether or not to give the plaintiff's choice of forum greater deference.  *See Ellis*, 372 F. Supp. 2d at 537.  ("[A] plaintiff's choice of forum is entitled to greater deference where a case arises under Title VII.").

Defendants assert that this action has no rational connection to California.  (Br. at 10.)  The central dispute in this case arises from the decision to terminate Gelber's employment with LWM.  To the extent that such a decision was made entirely outside of California, and largely in South Carolina, the plaintiff's choice of forum is slightly diminished.  However, Gelber's job performance is also a key aspect of this case.  Because Gelber performed a significant portion of his job from his home in California, the Court finds that this action does have a rational connection to Plaintiff's chosen forum.

4

Therefore, the Court concludes that because Gelber resides in Marin County, California and worked there for a significant portion of his employment, and because his Title VII claim affords his choice of forum even stronger deference, this factor strongly favors Plaintiff's choice of forum. As a result, the Court will only upset Plaintiff's choice of forum if Defendants make a strong showing of inconvenience. *Decker Coal Co.*, 805 F.2d at 843.

**2. Convenience of the Witnesses and Parties.**

In addition to considering Plaintiff's choice of forum, the Court takes into account the relative convenience to all the parties and their witnesses. *See id.* (citing *Gulf Oil Corp.*, 330 U.S. at 508). Defendants argue that it would be more convenient to litigate this matter in the District of South Carolina because the relevant evidence and several witnesses live in South Carolina or on the East Coast of the United States. Defendants identified at least five witnesses from South Carolina, all but one of whom are party witnesses.[1] (Br. at 11-12.) The convenience of Defendants' party witnesses are entitled to little weight because the witnesses are employees of the party seeking transfer, and Defendants will be able to compel their testimony at trial. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (discounting the convenience to the defendant's employees because they could be compelled to testify).

Furthermore, the record before the Court indicates that the remainder of Defendants' party witnesses and almost all of Defendants' non-party witnesses do not reside in either California or South Carolina. (Br. at 12.) Although the convenience to the witnesses located on the East Coast may be slightly enhanced by traveling to South Carolina instead of California, the witnesses in the Philippines will be more inconvenienced. Regardless of their location, witnesses residing outside of South Carolina or California will be greatly inconvenienced by traveling from out of state or abroad. Meanwhile, Gelber lists one witness from this district and one witness from South Carolina. (Gelber Decl., ¶ 20-21.) The remainder of his witnesses

---

[1] The court did not consider any new information in Defendants' Reply. Therefore, a surreply is not necessary.

5

reside in Maryland, Europe and Asia. (*Id.* ¶¶ 22-24.) Thus, the convenience to Plaintiff's witnesses is neutral while the convenience to Defendants' witnesses only slightly favors transfer of venue.

On the other hand, as Gelber asserts, transfer to South Carolina would "merely shift" the inconvenience from the Defendants to Gelber.[2] *See Decker Coal Co.*, 805 F.2d at 843. Moreover, a court may consider the "convenience of the parties as indicated by their relative physical and financial condition." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Gelber is a private individual with $190,236 in net income for 2006 and a significant portion of his assets in his home. (Gelber Decl., ¶ 25.) In 2005, ALM listed $7,960,969 in revenue and LWM listed $719,049 in revenue. (Declaration of Dean Royer ("Royer Decl."), Ex. 4-5.) Although Defendants are nonprofit organizations whose revenues do not match many large corporations, they are clearly in a better position to absorb the costs of litigation as compared to Gelber.

In sum, the inconvenience to the witnesses only slightly favors transfer because many of the listed proposed witnesses are party witnesses whose convenience is less significant, or they reside outside of either jurisdiction and, as a whole, are not considerably affected by transfer to South Carolina. The inconvenience to the parties slightly favors this district because transfer would shift the costs onto the party with more limited means. Therefore, the Court finds that this factor is neutral.

### 3. The Ease of Access to Sources of Proof.

Access to evidence is another factor that may favor transfer. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Defendants state that the relevant evidence is

---

[2] However, the Court does not consider Gelber's assertions that he will be inconvenienced by higher costs for legal representation because his counsel is located in Oakland, California. *See In re Horseshoe Ent.*, 305 F.3d 354, 358 (5th Cir. 2002) (finding that the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *Chicago, Rock Island and Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (noting that § 1404(a) does not provide the convenience of counsel as a factor to be considered).

6

located in the District of South Carolina.[3] (Doyle Decl., ¶ 23.) Although this factor weighs in favor of transfer to South Carolina, the Court does not weigh it heavily.

### 4. The Local Interest.

Another consideration in a decision to transfer venue is the local interest in having localized controversies decided at home. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 509). Here, Defendants contend that the decision to terminate Plaintiff's employment took place in South Carolina and that Gelber utilized administrative staff in South Carolina. (Doyle Decl., ¶¶ 13, 22.) The parties' employment agreement was also signed in South Carolina. (*Id.* ¶ 8.) Thus, South Carolina has an interest in deciding this controversy because many of the events giving rise to this action took place there.

However, California has a strong public interest in deciding controversies involving its citizens. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir. 1991) (finding that California has an interest in having its citizens compensated for torts committed against them). Gelber resides in the Northern District of California and conducted a significant portion of his work from his home. (Gelber Decl., ¶¶ 2, 7-9.) In addition, although the parties dispute the exact nature and locations of the negotiations related to Gelber's employment agreement, at least some of the negotiations took place in this district. (*Id.* ¶ 3.) These facts neutralize the importance of deciding this controversy in South Carolina instead of California. Therefore, the Court finds that this factor is neutral.

### 5. Familiarity of Each Forum with the Applicable Law.

The parties dispute whether this district has the appropriate expertise to handle this matter because the state laws of South Carolina would apply to the state law claims. (Br. at 8;

---

[3] Plaintiff submitted evidentiary objections to this statement as lacking foundation and personal knowledge, and as an improper opinion. Christopher J. Doyle, as President and CEO of LWM and ALM, makes a sworn declaration to those facts and states that it is based on his personal knowledge of the facts. (Doyle Decl., ¶ 1.) Thus, the Court finds that Doyle has the requisite personal knowledge and familiarity with his organization's records to make such a declaration, and hereby overrules the objection. Plaintiff also submitted evidentiary objections to other aspects of the Doyle's Declaration, but the evidence objected to was not necessary to the resolution of this motion. Therefore, the Court need not rule on the admissibility of such evidence at this time.

Opp. Br. at 6.) The choice-of-law provision in the parties' Agreement provides for the laws of the State of South Carolina to govern any disputes under state law. (Gelber Decl. Ex. 1, ¶ 14.) Although this Court is certainly competent to apply the state laws of South Carolina in this matter, the District of South Carolina is more familiar with the relevant South Carolina state laws that govern the state claims. However, there are also several federal questions before the Court. Because this Court is equally capable as the District of South Carolina in deciding federal law, this Court's familiarity with the applicable law lowers the weight in favor of transfer. On the whole, however, the Court finds that this factor favors transfer to the District of South Carolina.

### 6. Relative Court Congestion in Each Forum.

Defendants contend the Northern District of California is more congested than the District of South Carolina, while the Plaintiff disputes the extent of the difference between the districts. (Br. at 13; Opp. Br. at 13.) Although less significant, the relative court congestion is a factor the court considers. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 509). The Court finds this factor to weigh slightly against transfer to South Carolina because the median times from filing to disposition in civil cases is slightly higher in the District of South Carolina than in the Northern District of California. (Opp. Br. at 13 (citing http://www.uscourts.gov/cgi-bin/cmsd2006.pl)).

Overall, Defendants must make a strong showing of inconvenience to upset Plaintiff's choice of forum. The Court finds that Defendants have failed to carry their heavy burden of establishing that the inconvenience of litigating in this forum favors transfer. Accordingly, the Court DENIES Defendants' motion to transfer venue.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion to transfer the case to the United States Court for the District of South Carolina.

**IT IS SO ORDERED.**

Dated: June 21, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9